IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

Douglas W.,[1]

        Plaintiff,

v.

ANDREW M. SAUL, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

No. 3:19-cv-01192-HL

**OPINION AND ORDER**

HALLMAN, United States Magistrate Judge:

        Plaintiff Douglas W. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). The Commissioner denied Plaintiff's application for Disability

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

1 – OPINION AND ORDER

Insurance Benefits ("DIB") and Disabled Adult Child's ("DAC") benefits under Title II of the Act. 42 U.S.C. § 401 *et seq*. For the following reasons, this case is AFFIRMED.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

**BACKGROUND**

I.     **Plaintiff's Applications for DIB and DAC**

Plaintiff alleges disability based on Spectrum Disorder and Schizotypal Disorder.  Tr. 181.[2]  At the time of his alleged onset date, which was March 12, 1973, Plaintiff was 18 years old.  Tr. 181.  Plaintiff filed separate applications for DIB and DAC benefits.[3]

On March 7, 2016, Plaintiff protectively filed his DIB application.  Tr. 416.  The claim was denied initially on June 28, 2016, and upon reconsideration on June 15, 2017.  *Id*.  Plaintiff requested a hearing, which was held on March 20, 2018.  *Id*.  Plaintiff requested Appeals Council review, which was denied at some point before this action.  *See* Pl. Br. 2 n.2, ECF 52 (noting the parties' inability to locate the Appeals Council's denial letter).

On March 14, 2016, Plaintiff protectively filed his DAC application.  Tr. 416.  The claim was denied initially on July 29, 2016, and upon reconsideration on November 18, 2016.  *Id*.  Plaintiff requested a hearing, which was held on March 20, 2018.  *Id*.  Plaintiff requested Appeals Council review, which was denied on June 18, 2018.  Tr. 1.  Plaintiff then sought review before this Court.[4]

II.    **Sequential Disability Process for DIB**

To be eligible for DIB, a claimant must prove that he was disabled during a period in which he had insured status, on or before his date last insured ("DLI").  20 C.F.R. §§ 404.101, 404.131; *see Burch*, 400 F.3d at 679.  The initial burden of proof rests upon the claimant to establish disability.  *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet this

---

[2] Citations to "Tr." are to the Administrative Record.  (ECF 12).

[3] Plaintiff's DAC application was not included in the Administrative Record.

[4] The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636.  (ECF 4).

burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. Only the first two steps are relevant here.

At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. The step two inquiry is a *de minimis* screening device used to dispose of baseless claims. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017) ("Step two is merely a threshold determination meant to screen out weak claims."). Only if the claimant is considered disabled, then the ALJ proceeds to step three and may determine the claimant's "residual functional capacity ("RFC"). *Burch*, 400 F.3d at 679.

### III.   Disabled Adult Child Benefits

An adult may be eligible for DAC benefits if, among other requirements, the adult is "under a disability (as defined in section 423(d) of this title) [that] began before he attained the age of 22." 42 U.S.C. § 402(d)(1)(B); 20 C.F.R. § 404.350(a)(5) (noting that an adult is eligible

for child's benefits if the adult is "18 years old or older and ha[s] a disability that began before [he] became 22 years old"). Under section 423(d), a disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). Further, the adult "must be disabled *continuously and without interruption* beginning before h[is] twenty-second birthday until the time []he applied for child's disability insurance benefits." *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996) (emphasis in original).

## IV.     The ALJ's Decisions

In denying DIB benefits, the ALJ determined as a preliminary matter that Plaintiff last met the insured status requirements on March 31, 2001, which was his DLI. Tr. 15. At step one, the ALJ determined that Plaintiff engaged in substantial gainful activity ("SGA") in 1988 and 1989 but that there had been continuous 12-month periods during which [Plaintiff] did not engage in SGA. *Id.* As such, the ALJ's remaining findings addressed the periods in which Plaintiff did not engage in SGA. *Id.*

At step two, however, the ALJ concluded that through the DLI, "there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c))." Tr. 16. Based on this finding, the ALJ denied DIB. Tr. 17.

In denying DAC benefits, the ALJ concluded that "[u]nder Social Security Administration policy, an applicant who has never been entitled to child's disability benefits, and has performed SGA after age 22, cannot have an onset date before age 22." Tr. 418. Because Plaintiff performed SGA in 1988 and 1989, the ALJ denied DAC benefits. *Id.*

5 – OPINION AND ORDER

## DISCUSSION

Plaintiff contends that the ALJ committed four errors—three errors concerning the denial of Plaintiff's DIB claim and one error concerning the denial of his DAC claim. Pl. Br. 10-14. Regarding Plaintiff's DIB claim, he asserts that: (1) the ALJ failed to give proper weight to Dr. Complair's report in determining that Plaintiff did not have a medically determinable impairment; (2) the ALJ failed to provide germane reasons for rejecting the lay testimony of Plaintiff's sister, Wendy W.; and (3) the ALJ failed to assess Plaintiff's RFC because the ALJ stopped at step two. *Id.* 10-13. Regarding Plaintiff's DAC benefits, he argues that the ALJ erred in concluding that SGA precluded Plaintiff from establishing an onset date before age 22. *Id.* 13-14.

As is explained below, the Court finds that the ALJ did not err. The ALJ's finding that Plaintiff did not have a medically determinable mental impairment before his DLI was supported by substantial evidence. The ALJ was not required to provide germane reasoning for rejecting the subjective testimony from Plaintiff's sister, which was not objective medical evidence. And the ALJ was not required to proceed beyond the step two analysis given this finding. Therefore, the ALJ's denial of DIB benefits was reasonable and free of legal error. With respect to the DAC claim, the ALJ did not err in concluding that Plaintiff was ineligible for DAC benefits given that his SGA precluded him from establishing an onset date before age 22. Accordingly, this case is affirmed.

### I. Disability Insurance Benefits

#### A. Dr. Complair's Report

To qualify for benefits, Plaintiff must—during a period in which he had insured status, on or before his DLI—be disabled. 20 C.F.R. §§ 404.131; *Chapman v. Apfel*, 236 F.3d 480, 482

(9th Cir. 2000).  To be found disabled, Plaintiff's inability to perform basic work activities must be caused by a severe, "medically determinable physical or mental impairment."  42 U.S.C. § 423(d)(1)(A).  Such an impairment

> "must result from anatomical, physiological, or psychological abnormalities that can be shown by medically acceptable clinical and laboratory diagnostic techniques. *Therefore, a physical or mental impairment must be established by objective medical evidence from an acceptable medical source.* [The Commissioner] will not use [Plaintiff's] statement of symptoms, a diagnosis, or a medical opinion to establish the existence of an impairment(s)."

20 C.F.R. § 1521 (emphasis added); *see* SSR 16-3p, 2017 WL 5180304, at *3 (Oct. 25, 2017) (requiring "medical signs or laboratory findings show [that] a medically determinable impairment is present").

Plaintiff asserts that the ALJ's findings were not supported by substantial evidence because he erred in "rejecting" Dr. Complair's assessment by "interpreting it to address only [Plaintiff's] current mental status and not his condition" before his DLI.  Pl. Br. 10.  Contrary to Plaintiff's assertion, the ALJ did not reject or discredit Dr. Complair's assessment; rather, the ALJ rationally concluded that the objective evidence in Dr. Complair's assessment only pertained to Plaintiff's current mental status.  Upon review of the ALJ's findings as a whole, which includes Dr. Complair's assessment, the Court finds that the ALJ properly found that Plaintiff did not have a medically determinable mental impairment before his DLI.

The ALJ reviewed available medical records—which concerned Plaintiff's then-recent *medical* treatment—and determined that they did not provide objective evidence of Plaintiff's *mental* impairments before the DLI.  Tr. 16.  The ALJ also reviewed and credited Dr. Complair's neuropsychological assessment, but the ALJ correctly noted that "the assessment focused on . . . [Plaintiff]'s current difficulties" and "did not provide objective evidence of any medically determinable impairment" on or before his DLI.  *Id*.  Finally, the ALJ found that the state

7 – OPINION AND ORDER

disability services report provided insufficient evidence of the alleged mental impairments before the DLI, and the ALJ ultimately concluded that there "were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the [DLI]." *Id*.

The ALJ's conclusion is supported by Dr. Complair's assessment. Any objective evidence in Dr. Complair's assessment pertained to Plaintiff's conditions and functioning in 2018, whereas any historical information in the assessment was based on the self-reports of Plaintiff and his sister. *See* Tr. 411 (reflecting Dr. Complair's note that "there is indication of significant cognitive and behavioral difficulties *that are reported to be* lifelong by the client and his sister.") (emphasis added).[5] Plaintiff's and his sister's historical reports of Plaintiff's past impairments are not objective medical evidence relevant to the step-two analysis. Further, the internet articles that Plaintiff cites regarding early onset of autism and attention deficit hyperactivity disorder also do not constitute objective evidence.[6] *See* Pl. Br. 11. In sum, Dr. Complair's report does not provide objective evidence of an impairment prior to the DLI, and Plaintiff cannot bridge that time gap based on the record before the ALJ.

For those reasons, the ALJ's finding that Plaintiff failed to demonstrate a mental impairment before his DLI was supported by substantial evidence. Thus, the ALJ did not err in concluding that Plaintiff did not have a severe mental impairment at step two.

---

[5] Both parties address *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), where the Ninth Circuit concluded that "[a]fter-the-fact psychiatric diagnoses are notoriously unreliable." Dr. Complair's report pertained to Plaintiff's current conditions and did not purport to make an after-the-fact-diagnosis. Moreover, the ALJ did not conclude that Dr. Complair's report was unreliable—only that it referenced Plaintiff's current conditions.

[6] These internet articles, even if from reliable sources, cannot be considered in reviewing the ALJ's decision. *See* 42 U.S.C. § 405(g) (stating that district courts cannot consider new evidence outside of the administrative record when reviewing a claim).

### B. Lay Witness Testimony

As recounted above, the Commissioner considers "objective medical evidence from an acceptable medical source" when determining whether a claimant has a severe impairment. *See* 20 C.F.R. § 1521; SSR 16-3p, 2017 WL 5180304, at *3. Plaintiff contends that the ALJ improperly discounted Plaintiff's sister's testimony, Pl. Br. 12, which was contrary to the standard that an ALJ must provide "germane" reasons for discounting lay witness testimony. *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). The Court disagrees.

The ALJ gave little weight to Plaintiff's sister's testimony when determining whether Plaintiff had a medically determinable impairment at step two. Tr. 17. The ALJ noted that while Plaintiff's sister's testimony "may [have] contain[ed] truthful information," her testimony did "not justify a conclusion that [Plaintiff] had any medically determinable impairments on or before the date last insured." *Id.* The ALJ was correct in concluding that Plaintiff's sister's testimony did not constitute objective medical evidence that would have established the existence of a medically determinable impairment. The ALJ therefore did not err.

### C. Plaintiff's RFC

"If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Schneider v. Comm'r*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 20 C.F.R. § 416.920). Only if the Commissioner determines at step two that a claimant has a medically determinable impairment that is severe, then the Commissioner may proceed to step three. *Burch*, 400 F.3d at 679.

Plaintiff argues that, because the ALJ erroneously stopped his analysis at step two when he did not properly credit Dr. Complair's assessment, the ALJ should have determined Plaintiff's RFC. Pl. Br. 13. The Court has already determined that the ALJ did not err in evaluating Dr.

Complair's assessment to find that Plaintiff does not have a medically determinable impairment. As such, the ALJ did not err in declining to determine Plaintiff's RFC.

## II.  Disabled Adult Child Benefits

A person may be eligible for DAC benefits if, among other requirements, the person is "under a disability . . . [that] began before he attained the age of 22." 42 U.S.C. § 402(d)(1)(B); 20 C.F.R. § 404.350(a)(5) (noting that a person is eligible for child's benefits if the person is "18 years old or older and ha[s] a disability that began before [he] became 22 years old"). A disability is defined as an "inability to engage in any [SGA] by reason of any medically determinable physical or mental impairment [that] can be expected to result in death or [that] has lasted or can be expected to last for a continuous period of not less than 12 months." 40 U.S.C. § 423(d).

As is noted above, the first step of the disability determination requires a consideration of work activity. 20 C.F.R. § 404.1520(a)(4)(i). If a claimant engages in any SGA, then the claimant is not disabled "regardless of [his] medical condition or [his] age, education, or work experience." 20 C.F.R. § 404.1520(b); 20 C.F.R. § 404.1571 ("If you are able to engage in substantial gainful activity, we will find that you are not disabled."). Moreover, to be eligible for DAC benefits, the adult must demonstrate that he has been disabled "*continuously and without interruption* beginning before h[is] twenty-second birthday until the time []he applied for child's disability insurance benefits." *Smolen v. Chater*, 80 F.3d 1273, 1280 (9th Cir. 1996) (emphasis in original).

The ALJ first determined that Plaintiff had attained age 22 on March 11, 1977. Tr. 418. Next, the ALJ found that Plaintiff had engaged in SGA in 1988 and 1989 after he had attained age 22. *Id.* (citing 20 C.F.R. §§ 1520(b), 1571 *et seq.*). The ALJ noted that "[u]nder Social

Security Administration policy, an applicant who has never been entitled to child's disability benefits, and has performed SGA after age 22, cannot have an onset date before age 22." Tr. 418.  The ALJ found that Plaintiff "has no prior entitlement to child's disability benefits.  He has performed SGA after age 22.  Thus, he cannot have an onset date before age 22." Tr. 419.  Therefore, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, at any time prior to March 11, 1977, the date he attained age 22.  *Id.*

Plaintiff disagrees, arguing that under 20 C.F.R. § 404.350(a)(5), "[t]here is no requirement that he have an adulthood that is uninterrupted by brief periods of SGA." Pl. Br. 13.  Plaintiff takes issue with the ALJ's denial of the "DAC claim only because [he] experienced these SGA earnings" and instead relies on Dr. Complair's diagnosis of "two severe impairments that by definition have their inception in childhood." *Id.* at 13-14.[7]  The applicable regulations, however, support the ALJ's conclusion in this case.

Based on the relevant language of 20 C.F.R. § 404.350(a)(5), a plaintiff must (1) have a disability (2) that began before he became 22 years old.  That disability must have existed "*continuously and without interruption*" from the onset of disability before age 22 to the time that the claim is filed.  *Smolen*, 80 F.3d at 1280 (emphasis in original).  The ALJ correctly noted that Plaintiff had engaged in SGA in 1988 and 1989 and, as a result, was not continuously disabled during those time periods.  Tr. 167, 418.

---

[7] Plaintiff points out that when he attempted to raise this issue before the ALJ, he was cut-off mid-sentence and told to "[b]ring that up to the Appeals Council." Pl. Br. 13 (citing Tr. 25). Despite this summary rejection of Plaintiff's argument, Plaintiff was not prevented from developing the record in this case.  Plaintiff was provided an opportunity to raise this specific issue with the Appeals Council but did not.  Tr. 151.  And this Court considers the entirety of Plaintiff's challenge on appeal despite his inability to fully present this issue to the ALJ.

11 – OPINION AND ORDER

Further, Plaintiff has failed to offer any adequate explanation how his SGA in 1988 and 1989 did not constitute substantial evidence of a lack of a continual and uninterrupted disability. Plaintiff relies on *Reddick v. Chater*, 157 F.3d 715, 722-23 (9th Cir. 1998), arguing that "[s]poradic periods of employment do not imply the ability to work gainfully on a sustained basis."  Pl. Reply Br. 6.  But the issue in *Reddick* was whether the plaintiff's sporadic prior employment meant that she was not *presently* disabled and, therefore, not entitled to DIB benefits.  *Reddick*, 157 F.3d at 722-23.  The *Reddick* court did not consider whether the plaintiff's prior employment constituted SGA such that the plaintiff was not disabled for a continuous and uninterrupted period of time.  That is the issue in the present case, and it is undisputed that Plaintiff's employment in 1988 and 1989 constituted SGA.  The ALJ did not err in relying on 20 C.F.R. § 404.1520(b) to conclude that Plaintiff was not disabled based on his SGA during that period.

For these reasons, there was substantial evidence in the record for the ALJ to conclude that Plaintiff had not been disabled continuously and without interruption from 1977 to 2016, and the ALJ did not err in concluding that Plaintiff was not entitled to DAC benefits.[8]

---

[8] To the extent that the ALJ concluded that *any* SGA during the relevant period *categorically* precludes DAC benefits, this Court would not necessarily agree. *Compare Dean L. v. Saul*, No. 3:19-cv-860-SI, 2020 WL 5017761, *4-*6 (D. Or. Aug. 25, 2020) (holding that SGA after age 22 did not categorically preclude DAC benefits when that plaintiff had been entitled to disability benefits as a child and was found to be disabled as an adult following a period of SGA); *with Adelle F. v. Saul*, 18-cv-1972-AJB, 2020 WL 614655, *3 (S.D. Cal. Feb. 10, 2020) (explaining that to be eligible for DAC benefits, the claimant must be disabled continuously and without interruption and that, to establish disability, the claimant must demonstrate an inability to engage in any substantial gainful activity) (citing 42 U.S.C. § 423(d)(1)(A)).  It is unnecessary for this Court to reach that issue, however, because the record *in this case* is sufficient to support the ALJ's conclusion that Plaintiff's SGA in 1988 and 1989 precluded DAC benefits.  And, unlike the plaintiff in *Deal L.*, Plaintiff in this case fails to offer any legal or factual argument that would demonstrate that the ALJ's decision was not supported by substantial evidence.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 2nd day of November, 2021.

_____
ANDREW HALLMAN
United States Magistrate Judge